# United States Court of Appeals

District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue N.W.
Washington, D.C. 20001-2866

Mark J. Langer
Clerk

August 2, 2017

General Information
(202) 216-7000

Angela Caesar
U.S. District Court for the District of Columbia
(USDC)
333 Constitution Avenue, NW
E Barrett Prettyman US Courthouse
Room 1834
Washington, DC 20001-2866

Case: 1:18-cv-00240
Assigned To : Jackson, Ketanji Brown
Assign. Date : 2/1/2018
Description: Pro Se Gen. Civ. (F-DECK)

Re:     15-1096 Robert Rodriguez v. Virginia Penrod

Dear Clerk of Court:

Pursuant to the order of this court filed May 26, 2017, we are transmitting the court's original file, including all documents in the record, to you by electronic means. No paper copies shall follow. Mr. Rodriguez has paid the filing fee.

Please acknowledge receipt of the transferred file by sending a confirmation email to dcnoa@cadc.uscourts.gov.

Sincerely yours,

BY:    /s/
       Laura M. Chipley
       Deputy Clerk

Enclosures

**PACER fee: Exempt**

**General Docket**
**United States Court of Appeals for District of Columbia Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 15-1096 | **Docketed:** 04/02/2015 |
| Robert Rodriguez v. Virginia Penrod | **Termed:** 05/26/2017 |
| **Appeal From:** Department of Defense | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
   **1)** Petition for Review
   **2)** Review
   **3)**

**Originating Court Information:**
   **District:** DOD-1 : DOD-3/6/2015 Letter

**Prior Cases:**
   None

**Current Cases:**
   None

**Panel Assignment:**
   **Panel:** SS    PAM    CTLP
   **Date of Hearing:** 11/14/2016     **Date of Decision:** 05/26/2017     **Date Completed:** 05/26/2017

| | |
|---|---|
| Robert W. Rodriguez<br>         Petitioner | Paul Douglas Kamenar, Attorney<br>Email: paul.kamenar@gmail.com<br>[COR NTC Retained]<br>Law Office of Paul Kamenar<br>1629 K Street, NW<br>Washington, DC 20006<br><br>Joseph Edward Schmitz, Attorney<br>Direct: 703-992-3095<br>Email: jschmitz@SandS-LLP.com<br>Fax: 703-639-9030<br>[COR NTC Retained]<br>Schmitz & Socarras LLP<br>8200 Greensboro Drive<br>Suite 1500<br>McLean, VA 22102 |
|      v. | |
| Virginia S. Penrod, Chief of Staff for the Office of the Under<br>Secretary of Defense for Personnel and Readiness, United States<br>Department of Defense<br>         Respondent | Benjamin Charles Mizer, Solicitor<br>Email: benjamin.c.mizer@usdoj.gov<br>[LD NTC Gvt US Agency]<br>U.S. Department of Justice<br>(DOJ) Office of the Assistant Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>Thomas Gary Pulham, Attorney<br>Email: thomas.pulham@usdoj.gov<br>[COR LD NTC Gvt US DOJ]<br>U.S. Department of Justice<br>(DOJ) Civil Division, Appellate Staff<br>Firm: 202-514-2000<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>Marleigh D. Dover, Assistant Director<br>Email: marleigh.dover@usdoj.gov<br>[COR NTC Retained]<br>U.S. Department of Justice<br>(DOJ) Civil Division, Appellate Staff |

Firm: 202-514-2000
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

R. Craig Lawrence
Email: craig.lawrence@usdoj.gov
[NTC Gvt US Attorney]
U.S. Attorney's Office
(USA) Civil Division
Firm: 202-252-2500
555 4th Street, NW
Washington, DC 20530

Patrick George Nemeroff
Email: patrick.g.nemeroff@usdoj.gov
[COR NTC Retained]
U.S. Department of Justice
(DOJ) Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Robert W. Rodriguez,

     Petitioner

   v.

Virginia S. Penrod, Chief of Staff for the Office of the Under Secretary of Defense for Personnel and Readiness, United States Department of Defense,

     Respondent



| Date | | | Description |
|---|---|---|---|
| 04/02/2015 | ☐ | | PETITION FOR REVIEW CASE docketed. [15-1096] [Entered: 04/16/2015 03:22 PM] |
| 04/02/2015 | ☐ 18 pg, 3.29 MB | | PETITION FOR REVIEW filed [1547734] by Robert W. Rodriguez of a decision by federal agency [Service Date: 04/02/2015 ] Disclosure Statement: Not Applicable to this Party; Certificate of Parties: Not Applicable to this Filing. [15-1096] [Entered: 04/16/2015 03:23 PM] |
| 04/16/2015 | ☐ 1 pg, 38.9 KB | | CERTIFIED COPY [1547739] of Petition for Review sent to respondent [1547734-2] [15-1096] [Entered: 04/16/2015 03:27 PM] |
| 04/16/2015 | ☐ 2 pg, 45.04 KB | | CLERK'S ORDER filed [1547741] directing party to file payment of docketing fee. PETITIONER payment of docketing fee due 05/18/2015; directing party to file initial submissions: PETITIONER docketing statement due 05/18/2015. PETITIONER certificate as to parties, etc. due 05/18/2015. PETITIONER statement of issues due 05/18/2015. PETITIONER underlying decision due 05/18/2015. PETITIONER deferred appendix statement due 05/18/2015. PETITIONER procedural motions due 05/18/2015. PETITIONER dispositive motions due 06/01/2015; directing party to file initial submissions: RESPONDENT entry of appearance due 05/18/2015. RESPONDENT procedural motions due 05/18/2015. RESPONDENT certified index to record due 06/01/2015. RESPONDENT dispositive motions due 06/01/2015 [15-1096] [Entered: 04/16/2015 03:34 PM] |
| 05/01/2015 | ☐ 1 pg, 13.88 KB | | ENTRY OF APPEARANCE [1550263] filed by Thomas Pulham and co-counsel Marleigh Dover on behalf of Respondent Virginia S. Penrod. [15-1096] (Pulham, Thomas) [Entered: 05/01/2015 04:25 PM] |
| 05/18/2015 | ☐ 3 pg, 120.19 KB | | CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES [1553065] filed by Robert W. Rodriguez [Service Date: 05/18/2015 ] [15-1096] (Schmitz, Joseph) [Entered: 05/18/2015 04:24 PM] |
| 05/18/2015 | ☐ 2 pg, 616.79 KB | | DOCKETING STATEMENT [1553066] filed by Robert W. Rodriguez [Service Date: 05/18/2015 ] [15-1096] (Schmitz, Joseph) [Entered: 05/18/2015 04:26 PM] |
| 05/18/2015 | ☐ 2 pg, 115.68 KB | | STATEMENT OF INTENT REGARDING APPENDIX DEFERRAL [1553067] filed by Robert W. Rodriguez [Service Date: 05/18/2015 ] Intent: AppxDeferred [15-1096] (Schmitz, Joseph) [Entered: 05/18/2015 04:28 PM] |
| 05/18/2015 | ☐ 5 pg, 294.5 KB | | STATEMENT OF ISSUES [1553068] filed by Robert W. Rodriguez [Service Date: 05/18/2015 ] [15-1096] (Schmitz, Joseph) [Entered: 05/18/2015 04:30 PM] |
| 05/18/2015 | ☐ 2 pg, 268.98 KB | | NOTICE FILED [1553759] by Robert W. Rodriguez for payment of docketing fee. [Case Number 15-1096: Fee Paid] [Service Date: 05/18/2015 ] [15-1096] [Entered: 05/22/2015 01:23 PM] |
| 06/01/2015 | ☐ 11 pg, 57.29 KB | | MOTION filed [1555091] by Virginia S. Penrod to dismiss case for lack of jurisdiction (Response to Motion served by mail due on 06/15/2015), to extend time to file certified index (Response to Motion served by mail due on 06/15/2015) [Service Date: 06/01/2015 by CM/ECF NDA] Pages: 1-10. [15-1096] (Pulham, Thomas) [Entered: 06/01/2015 04:00 PM] |
| 06/01/2015 | ☐ 17 pg, 2.04 MB | | *CORRECTED* MOTION filed [1555143] by Virginia S. Penrod to dismiss case for lack of jurisdiction (Response to Motion served by mail due on 06/15/2015), to extend time to file certified index (Response to Motion served by mail due on 06/15/2015) [Service Date: 06/01/2015 by CM/ECF NDA] Pages: 1-10. [15-1096] (Pulham, Thomas) [Entered: 06/01/2015 05:29 PM] |
| 06/05/2015 | ☐ 19 pg, 358.12 KB | | RESPONSE IN OPPOSITION FILED [1556110] to motion to dismiss case for lack of jurisdiction [1555143-2], motion to extend time [1555143-3](Reply to Response by Mail and Response to Cross Motion due on 06/18/2015) combined with a MOTION FILED by Robert W. Rodriguez to extend time to file [Service Date: 06/05/2015 by CM/ECF NDA] Pages: 11-15. [15-1096] (Schmitz, Joseph) [Entered: 06/05/2015 05:08 PM] |
| 06/15/2015 | ☐ 10 pg, 56.32 KB | | RESPONSE IN OPPOSITION AND REPLY[1557502] filed by Virginia S. Penrod to motion to extend time [1556110-2] [Service Date: 06/15/2015 by CM/ECF NDA] Pages: 1-10. [15-1096]--[Edited 06/16/2015 by JJA] (Pulham, Thomas) [Entered: 06/15/2015 02:51 PM] |
| 06/22/2015 | ☐ 33 pg, 6.85 MB | | REPLY FILED [1559014] by Robert W. Rodriguez to response [1557502-2] [Service Date: 06/22/2015 by CM/ECF NDA] Pages: 1-10. [15-1096] (Schmitz, Joseph) [Entered: 06/22/2015 09:51 PM] |
| 09/03/2015 | ☐ 1 pg, 39.07 KB | | PER CURIAM ORDER [1571306] It is ORDERED that the motion to defer briefing jurisdictional issues [1556110-2] be granted and the motion to dismiss case [1555143-2] be referred to the merits panel to which this case is assigned. It is FURTHER ORDERED that the motion for a show cause order be denied. It is FURTHER ORDERED that the motion to extend time to file certified index [1555143-3] be granted. Respondent is directed to file the certified index to the record within 30 days of the date of this order. Certified Index to Record due 10/05/2015. Before Judges: Tatel and Pillard. [15-1096] [Entered: 09/03/2015 11:12 AM] |
| 10/02/2015 | ☐ 3 pg, 41.68 KB | | UNOPPOSED MOTION [1576386] filed by Virginia S. Penrod to extend time to file certified index to 10/13/2015 at 05:00 pm. Pages: 1-10. [15-1096] (Pulham, Thomas) [Entered: 10/02/2015 04:29 PM] |
| 10/07/2015 | ☐ 2 pg, 38.76 KB | | CLERK'S ORDER [1577065] filed granting motion to extend time [1576386-2]; RESPONDENT certified index to record due 10/13/2015 [15-1096] [Entered: 10/07/2015 01:51 PM] |

| 10/13/2015 | CERTIFIED INDEX TO RECORD [1577938] filed by Virginia S. Penrod [Service Date: 10/13/2015 ] [15-1096] (Pulham, Thomas) [Entered: 10/13/2015 05:19 PM] |
| --- | --- |
| 7 pg, 2.2 MB | |
| 10/20/2015 | CLERK'S ORDER [1579051] filed setting briefing schedule: PETITIONER Brief due 11/30/2015. RESPONDENT Brief due on 12/30/2015. PETITIONER Reply Brief due 01/13/2016. DEFERRED APPENDIX due 01/20/2016. Final Briefs due 02/03/2016. [15-1096] [Entered: 10/20/2015 05:21 PM] |
| 3 pg, 86.57 KB | |
| 11/06/2015 | *CONSENT* UNOPPOSED MOTION [1582386] filed by Robert W. Rodriguez to extend time to file brief to 01/08/2016. Pages: 1-10. [15-1096] (Schmitz, Joseph) [Entered: 11/06/2015 02:24 PM] |
| 3 pg, 203.72 KB | |
| 11/10/2015 | CLERK'S ORDER [1582863] filed granting petitioner's motion to extend time [1582386-2], The following revised briefing schedule will now apply: PETITIONER Brief due on 01/08/2016. RESPONDENT Brief due on 02/08/2016. PETITIONER Reply Brief due 02/22/2016. DEFERRED APPENDIX due 02/29/2016. Final Briefs due 03/14/2016. [15-1096] [Entered: 11/10/2015 11:14 AM] |
| 1 pg, 39.92 KB | |
| 11/19/2015 | *AMENDED* CERTIFIED INDEX TO RECORD [1584516] filed by Virginia S. Penrod [Service Date: 11/19/2015 ] [15-1096] (Pulham, Thomas) [Entered: 11/19/2015 05:41 PM] |
| 8 pg, 390.13 KB | |
| 11/20/2015 | LETTER [1584665] filed by Robert W. Rodriguez as to the record [Service Date: 11/20/2015 ] [15-1096] (Schmitz, Joseph) [Entered: 11/20/2015 12:48 PM] |
| 1 pg, 316.71 KB | |
| 01/08/2016 | PETITIONER BRIEF [1592631] filed by Robert W. Rodriguez [Service Date: 01/08/2016 ] Length of Brief: 11,910 Words. [15-1096] (Schmitz, Joseph) [Entered: 01/08/2016 05:22 PM] |
| 188 pg, 6.97 MB | |
| 01/29/2016 | MOTION [1596231] filed by Virginia S. Penrod to extend time to file brief to 03/10/2016 at 05:00 pm. (Response to Motion served by mail due on 02/11/2016) [Service Date: 01/29/2016 by Email] Pages: 1-10. [15-1096]--[Edited 01/29/2016 by AY--INCORRECT DOCKET ENTRY-DISREGARD] (Pulham, Thomas) [Entered: 01/29/2016 02:38 PM] |
| 01/29/2016 | *CORRECTED* MOTION [1596239] filed by Virginia S. Penrod to extend time to file brief to 03/10/2016 at 05:00 pm. (Response to Motion served by mail due on 02/11/2016) [Service Date: 01/29/2016 by Email] Pages: 1-10. [15-1096] (Pulham, Thomas) [Entered: 01/29/2016 02:48 PM] |
| 5 pg, 44.23 KB | |
| 01/29/2016 | ENTRY OF APPEARANCE [1596278] filed by Patrick G. Nemeroff on behalf of Respondent Virginia S. Penrod. [15-1096] (Nemeroff, Patrick) [Entered: 01/29/2016 04:20 PM] |
| 1 pg, 13.83 KB | |
| 02/01/2016 | RESPONSE IN OPPOSITION [1596458] filed by Robert W. Rodriguez to motion to extend time [1596239-2] [Service Date: 02/01/2016 by CM/ECF NDA] Pages: 1-10. [15-1096] (Schmitz, Joseph) [Entered: 02/01/2016 01:38 PM] |
| 13 pg, 413.55 KB | |
| 02/03/2016 | CLERK'S ORDER [1596960], on the court's own motion, that the briefing schedule be suspended pending further order of the court. [15-1096] [Entered: 02/03/2016 12:51 PM] |
| 1 pg, 38.07 KB | |
| 02/10/2016 | PER CURIAM ORDER [1598412] filed granting respondent's corrected motion to extend time [1596239-2], The following revised briefing schedule will now apply: RESPONDENT Brief due on 03/10/2016. PETITIONER Reply Brief due 03/24/2016. DEFERRED APPENDIX due 03/31/2016. Final Briefs due 04/14/2016. Before Judges: Tatel, Brown and Griffith. [15-1096] [Entered: 02/10/2016 04:03 PM] |
| 1 pg, 40.04 KB | |
| 03/10/2016 | LETTER [1603449] filed by Virginia S. Penrod Inform the Court of recent agency actions. [Service Date: 03/10/2016 ] [15-1096] (Nemeroff, Patrick) [Entered: 03/10/2016 03:12 PM] |
| 18 pg, 669.39 KB | |
| 03/10/2016 | RESPONDENT BRIEF [1603451] filed by Virginia S. Penrod [Service Date: 03/10/2016 ] Length of Brief: 11,041. [15-1096] (Nemeroff, Patrick) [Entered: 03/10/2016 03:14 PM] |
| 69 pg, 385.95 KB | |
| 03/24/2016 | INCORRECT DOCKET ENTRY-DISREGARD--PETITIONER REPLY BRIEF [1605588] filed by Robert W. Rodriguez [Service Date: 03/24/2016 ] Length of Brief: 11,407 Words. [15-1096]--[Edited 03/29/2016 by MLG] (Schmitz, Joseph) [Entered: 03/24/2016 01:48 PM] |
| 03/25/2016 | *CORRECTED* PETITIONER REPLY BRIEF [1605795] filed by Robert W. Rodriguez [Service Date: 03/25/2016 ] Length of Brief: 7,000 Words. [15-1096] (Schmitz, Joseph) [Entered: 03/25/2016 04:36 PM] |
| 37 pg, 214.34 KB | |
| 03/31/2016 | UNOPPOSED MOTION [1606633] filed by Robert W. Rodriguez to extend time to file appendix to 04/01/2016. [Service Date: 03/31/2016 ] Pages: 1-10. [15-1096] (Schmitz, Joseph) [Entered: 03/31/2016 04:47 PM] |
| 3 pg, 126.41 KB | |
| 04/01/2016 | CLERK'S ORDER [1606843] filed granting petitioner's unopposed motion for a one day enlargement of time to submit deferred appendix [1606633-2], The following revised briefing schedule will now apply: DEFERRED APPENDIX due 04/01/2016. Final Briefd due 04/15/2016. [15-1096] [Entered: 04/01/2016 03:35 PM] |
| 1 pg, 39.35 KB | |
| 04/01/2016 | APPENDIX [1606892] filed by Robert W. Rodriguez. [Volumes: 1] [Service Date: 04/01/2016 ] [15-1096] (Schmitz, Joseph) [Entered: 04/01/2016 06:27 PM] |
| 660 pg, 36.15 MB | |
| 04/08/2016 | *AMENDED* PETITION [1607937] filed by Petitioner Robert W. Rodriguez Amended Refiled Petition for Review. [Service Date: 04/08/2016 by CM/ECF NDA] Pages: 1-10. [15-1096] (Schmitz, Joseph) |
| 11 pg, 1.22 MB | |

| | | |
|---|---|---|
| | | [Entered: 04/08/2016 05:58 PM] |
| 04/14/2016 | 69 pg, 384.53 KB | RESPONDENT FINAL BRIEF [1608661] filed by Virginia S. Penrod [Service Date: 04/14/2016 ] Length of Brief: 11,034 words. [15-1096] (Nemeroff, Patrick) [Entered: 04/14/2016 10:12 AM] |
| 04/15/2016 | 188 pg, 6.96 MB | PETITIONER FINAL BRIEF [1608994] filed by Robert W. Rodriguez [Service Date: 04/15/2016 ] Length of Brief: 11,771 Words. [15-1096] (Schmitz, Joseph) [Entered: 04/15/2016 02:24 PM] |
| 04/15/2016 | 37 pg, 591.49 KB | PETITIONER FINAL REPLY BRIEF [1608999] filed by Robert W. Rodriguez [Service Date: 04/15/2016 ] Length of Brief: 6,942 Words. [15-1096] (Schmitz, Joseph) [Entered: 04/15/2016 02:43 PM] |
| 04/22/2016 | 5 pg, 2.05 MB | LETTER [1610097] filed by Robert W. Rodriguez pursuant to FRAP 28j advising of additional authorities [Service Date: 04/22/2016 ] [15-1096] (Schmitz, Joseph) [Entered: 04/22/2016 05:12 PM] |
| 04/29/2016 | 14 pg, 859.2 KB | LETTER [1611261] filed by Robert W. Rodriguez . [Service Date: 04/29/2016 ] [15-1096] (Schmitz, Joseph) [Entered: 04/29/2016 08:29 PM] |
| 05/05/2016 | 14 pg, 361.68 KB | ERRATA [1611958] to appendix [1606892-2] filed by Robert W. Rodriguez [Service Date: 05/05/2016 ] [15-1096] (Schmitz, Joseph) [Entered: 05/05/2016 12:50 PM] |
| 06/27/2016 | 8 pg, 589.14 KB | RESPONSE [1621938] filed by Virginia S. Penrod to letter Rule 28j authorities [1610097-2], letter [1610097-3] [Service Date: 06/27/2016 by CM/ECF NDA] Pages: 1-10. [15-1096] (Nemeroff, Patrick) [Entered: 06/27/2016 04:08 PM] |
| 07/07/2016 | 2 pg, 506.13 KB | RESPONSE [1623652] filed by Robert W. Rodriguez to letter for other relief [1603449-2], letter [1603449-3] [Service Date: 07/07/2016 by CM/ECF NDA] Pages: 1-10. [15-1096] (Schmitz, Joseph) [Entered: 07/07/2016 05:34 PM] |
| 08/10/2016 | 129 pg, 812.94 KB | LETTER [1629733] filed by Robert W. Rodriguez pursuant to FRAP 28j advising of additional authorities [Service Date: 08/10/2016 ] [15-1096] (Schmitz, Joseph) [Entered: 08/10/2016 09:44 PM] |
| 09/06/2016 | 1 pg, 41.42 KB | CLERK'S ORDER [1633982] filed scheduling oral argument on Monday, 11/14/2016. [15-1096] [Entered: 09/06/2016 03:33 PM] |
| 11/01/2016 | 1 pg, 42.06 KB | PER CURIAM ORDER [1644028] filed allocating oral argument time as follows: Petitioner - 10 Minutes, Respondent - 10 Minutes. One counsel per side to argue; directing party to file Form 72 notice of arguing attorney by 11/07/2016 [15-1096] [Entered: 11/01/2016 02:28 PM] |
| 11/07/2016 | | FORM 72 submitted by arguing attorney, Joseph E. Schmitz, on behalf of Petitioner Robert W. Rodriguez *(For Internal Use Only: Form is restricted to protect counsel's personal contact information).* [15-1096] (Schmitz, Joseph) [Entered: 11/07/2016 09:40 AM] |
| 11/07/2016 | | FORM 72 submitted by arguing attorney, Patrick G. Nemeroff, on behalf of Respondent Virginia S. Penrod *(For Internal Use Only: Form is restricted to protect counsel's personal contact information).* [15-1096] (Nemeroff, Patrick) [Entered: 11/07/2016 05:09 PM] |
| 11/14/2016 | 1 pg, 40.23 KB | ORAL ARGUMENT-HELD before Judges Srinivasan, Millett and Pillard. [15-1096] [Entered: 11/14/2016 11:52 AM] |
| 02/20/2017 | 26 pg, 494.06 KB | LETTER [1662047] pursuant to FRAP 28j advising of additional authorities filed by Robert W. Rodriguez [Service Date: 02/20/2017 ] [15-1096] (Schmitz, Joseph) [Entered: 02/20/2017 11:58 PM] |
| 03/28/2017 | 32 pg, 346.24 KB | LETTER [1668230] pursuant to FRAP 28j advising of additional authorities filed by Robert W. Rodriguez [Service Date: 03/28/2017 ] [15-1096] (Schmitz, Joseph) [Entered: 03/28/2017 03:09 PM] |
| 04/12/2017 | | TRANSCRIPT [1670824] of oral argument [15-1096] [Entered: 04/12/2017 04:25 PM] |
| 05/26/2017 | 1 pg, 54.02 KB | PER CURIAM JUDGMENT [1676921] filed that this action be transferred to the United States District Court for the District of Columbia, for the reasons in the accompanying opinion . Before Judges: Srinivasan, Millett, and Pillard. [15-1096] [Entered: 05/26/2017 10:28 AM] |
| 05/26/2017 | 9 pg, 48.86 KB | OPINION [1676925] filed (Pages: 9) for the Court by Judge Millett. [15-1096] [Entered: 05/26/2017 10:34 AM] |
| 05/26/2017 | 1 pg, 39.24 KB | CLERK'S ORDER [1676927] filed withholding issuance of the mandate. [15-1096] [Entered: 05/26/2017 10:36 AM] |
| 07/05/2017 | 26 pg, 396.85 KB | PETITION [1682736] for rehearing filed by Petitioner Robert W. Rodriguez [Service Date: 07/05/2017 by CM/ECF NDA] Length Certification: 3220. [15-1096] (Schmitz, Joseph) [Entered: 07/05/2017 05:21 PM] |
| 07/20/2017 | 1 pg, 38.59 KB | PER CURIAM ORDER [1685006] filed denying petitioner's petition for rehearing [1682736-2]. Before Judges: Srinivasan, Millett, and Pillard. [15-1096] [Entered: 07/20/2017 08:20 AM] |
| 07/28/2017 | 1 pg, 39.74 KB | MANDATE ISSUED to Department of Defense. [15-1096] [Entered: 07/28/2017 02:35 PM] |

| 08/02/2017 | ☐ 📄 | LETTER [1686941] sent to transfer case to the USDC District of Columbia. Documents Sent: Clerk's File and copy of order transferring case. [15-1096] [Entered: 08/02/2017 12:14 PM] |
| | 1737 pg, 79.03 MB | |

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE
### DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| Robert W. Rodriguez,<br><br>             Petitioner<br><br>      v.<br><br>Virginia S. Penrod, Chief of Staff for<br>the Office of the Under Secretary of<br>Defense for Personnel and Readiness,<br>United States  Department of Defense<br><br>             Respondent | **REFILED PETITION**<br>**FOR REVIEW**<br><br>Case No. 13-1192 |

      On July 31, 2014, this Court ordered that, "the petition for review be dismissed without prejudice to refiling upon final disposition by the Department of Defense on remand."  Exhibit A.  On March 6, 2015, Respondent Virginia S. Penrod, successor to Pasquale M. Tamburrino as Chief of Staff for the Office of the Under Secretary of Defense for Personnel and Readiness, issued her final disposition on remand, concluding:  "I do not find that the [Army] Board [for Correction of Military Records ('ABCMR')] acted arbitrarily, capriciously, contrary to law, or that its determination was unsupported by substantial evidence. Accordingly, I sustain the ABCMR's decision on behalf of the Secretary of the Army."  Exhibit B.  Accordingly, Petitioner Robert W. Rodriguez refiles his original petition for review, attached hereto as Exhibit C.   Petitioner respectfully requests that the Court re-issue its June 6, 2013, Order that Respondent "submit the . . . Certified Index to the Record," this time limited to the administrative record reviewed by Respondent on remand.

Date:  April 2, 2015

                                Respectfully Submitted,

                                Joseph E. Schmitz, D.C. Bar #420229
                                SCHMITZ & SOCARRAS LLP
                                *Counsel for Petitioner Robert W. Rodriguez*
                                8200 Greensboro Drive; Suite 1500
                                McLean, Virginia  22102
                                703-992-3095
                                jschmitz@SandS-LLP.com

# EXHIBIT A

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 13-1192**                                   **September Term, 2013**

**DOD-Letter dated 4/11/2013**

**Filed On:** July 31, 2014

Robert W. Rodriguez,

       Petitioner

    v.

Pasquale M. Tamburrino, Chief of Staff for the
Office of the Under Secretary of Defense for
Personnel and Readiness, United States
Department of Defense,

       Respondent

**BEFORE:**   Rogers and Kavanaugh, Circuit Judges, and Ginsburg, Senior
Circuit Judge

## O R D E R

Upon consideration of petitioner's consent motion for voluntary dismissal without prejudice, it is

**ORDERED** that the consent motion be granted, and that the petition for review be dismissed without prejudice to refiling upon final disposition by the Department of Defense of the issues on remand.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to issue forthwith to the agency a certified copy of this order in lieu of formal mandate.

**Per Curiam**

# EXHIBIT B



**OFFICE OF THE UNDER SECRETARY OF DEFENSE**
**4000 DEFENSE PENTAGON**
**WASHINGTON, D.C. 20301-4000**

**PERSONNEL AND**
**READINESS**

MAP   6   2015

Lieutenant Colonel Robert W. Rodriguez (Retired)
516 East 86th Street, Apt 6A
New York, NY 10024

Dear Colonel Rodriguez:

This responds to your correspondence dated September 25, 2014, as supplemented on October 21, 2014, December 10, 2014, and January 22, 2015, requesting reconsideration of the February 27, 2013, decision which denied your military whistleblower reprisal appeal. You appealed the Army Board for Correction of Military Records' (ABCMR) decision on behalf of the Secretary of the Army in your case under the provisions of Department of Defense Directive (DoDD) 7050.06, "Military Whistleblower Protection." I have been designated by the Under Secretary of Defense for Personnel and Readiness (USD(P&R)) as the successor of the Deputy Under Secretary of Defense (Program Integration) (DUSD(PI)) for the purposes of DoDD 7050.06, Paragraph 5.2, with decisional authority to review Military Whistleblower Protection Act (MWPA) appeals, on behalf of the Secretary of Defense. Pursuant to your meeting with me on September 29, 2014, in which you were represented by counsel, I have carefully reconsidered your case.

In your "read ahead" memorandum, dated September 25, 2014, you identified three salient issues in this appeal: (1) That you suffered reprisal by the Commanding General of the New York Army National Guard (NYARNG), after making protected communications; (2) That you were "constructively discharged" from the Army, leaving you no option but to retire; and, (3) That the ABCMR failed to award relief for "acknowledged" military whistleblower reprisal and associated violations of due process. You requested in the Memorandum of Law in support of your appeal pursuant to the MWPA, dated September 28, 2012, that I reverse the Army's final decision and provide the following relief on behalf of the Secretary of Defense, based on the evidence submitted:

(1) Reverse "the failure of the Secretary of the Army to [i]ssue a final decision on an application submitted to the BCMR under this Directive within 180 days after the application is filed."

(2) Set-aside the April 18, 2012, ABCMR Record of Proceedings as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

(3) Direct the ABCMR to prepare a new "Record of Proceedings," as the "decision document" for a final decision pursuant to AR 15-185, para 2-13(b), with at least the following specific relief contained within that "decision document":

3(a). Retroactive promotion to the rank of Colonel under the authority recognized by the United States Supreme Court;

3(b). Credit or waiver of time requirement so as to meet time requirement criteria for promotion and completion of 30 years of service;

3(c).  Award maximum membership points, inactive duty points and maximum distant learning course points that would have accrued from discharge date to the completion of thirty years of service on February 1, 2001;

3(d).  Award back pay for missed active duty that would have occurred but for the December 1, 1997, "constructive discharge," through February 1, 2001, and retirement pay reflecting correction of rank and adjusted retirement date;

3(e).  Direct that a letter be placed in your file setting forth your accurate performance of duty during the period of the two withdrawn Officer Evaluation Reports (OERs), along the lines of a draft letter provided by your counsel.

Following our meeting, I have reviewed all of the materials you submitted to this office to date, including the evidence the ABCMR and the previous reviewing authority examined in reaching a decision in your case. After careful consideration, I find that the ABCMR's findings and conclusions are clearly supported by the evidence, and the Army's decision should be upheld, for the following reasons.

First, I find that your complaint of reprisal was properly reviewed by the ABCMR in accordance with title 10, U.S.C, section 1034, and DoDD 7050.06.  In its two decision documents, the Board provided a fair, clear, and rational explanation of its findings based on the evidence presented.

The first report of investigation (ROI) by the Inspector General of the Department of the Army (DAIG) concluded that the 1997 Letter of Reprimand (LOR) constituted reprisal, but did not substantiate your allegations that you were improperly relieved from command, denied due process, or that your Functional Area 90 request to be reassigned a multifunctional logistician was improperly withheld. The second DAIG ROI reversed the substantiated allegation of reprisal, based on new evidence and witness testimony which asserted that the decision to initiate the LOR predated the protected communication, therefore negating reprisal.  I understand that you view the second DAIG ROI as a "fraud" and "cognizable crime," based on the statement of the former Army Vice Chief of Staff that he does not recognize the signature on the 1999 ROI as his own.  In 2012, the ABCMR reconsidered your case based on this evidence, and concluded that even if the second DAIG ROI were "thrown out," and the initial finding of reprisal remained in place, there still was insufficient evidence to justify the retroactive promotion-related relief you sought.

Second, I find that ABMCR denial of your claim of constructive discharge was not arbitrary, capricious, or contrary to law.  The ABCMR has consistently held that a hostile work environment, absent coercion, does not constitute a constructive discharge.  Furthermore, the Board found that you did not overcome the presumption that your decision to transfer to the Retired Reserve on December 1, 1997, was a voluntary one.  The Board found there were several alternatives other than retirement, such as staying on the Reserve Active Status List in order to compete for promotion without remaining in the NYARNG.  The Board's rationale is supported by substantial evidence.

Third, I find that the ABCMR did not abuse its substantial discretion in denying the specific relief requested.  Specifically, the Board concluded there was insufficient justification for the extraordinary relief you requested, to include retroactive promotion to Colonel (O-6) and

2

resulting pay and benefits. I considered the Air Force BCMR case you submitted in rebuttal, along with a list of 28 other instances where a Secretarially-directed recommendation for promotion was granted. I find, however, that the ABCMR articulated legitimate reasons for its decision, based on the specific facts and circumstances of your case. Chiefly, the Board found you were not eligible for, considered, or selected for Colonel by a Reserve Component Selection Board, prior to your retirement. Based on your date of rank to Lieutenant Colonel (December 19, 1994), the ABCMR stated that you were not eligible for promotion consideration until the 1998 Colonel Reserve Component Selection Board, which convened on July 14, 1998, and adjourned on August 14, 1998. This ineligibility also disqualified you from being considered by a Special Selection Board. Additionally, the Board found no basis to correct your military records to reflect graduation from Army War College, Senior Service College (SSC) completion, and related retirement credit because there was no record that you completed SSC by the time you transferred to the Retired Reserve.

Additionally, I am aware that on January 8, 2015, the United States Court of Appeals for the Federal Circuit held that Military Department Correction Boards do not have the authority to appoint military officers (*Schwalier v. Hagel* (Case 14-1113 (Fed. Cir. 2015)). Under the Appointments Clause of the United States Constitution, the President of the United States appoints officers of the United States by and with the advice and consent of the Senate, unless by law Congress has vested appointment authority for inferior officers in the President alone, in Courts of Law, or in the Heads of Departments. Only the President may appoint Regular officers above the grade of O-3 and Reserve officers above the grade of O-5 following Senate confirmation. See also, *Dysart v. United States,* 369 F. 3d 1303, 1311 (Fed. Cir. 2004), and *Marbury v. Madison*, 5 U.S. 137, 155-56 (1803). Accordingly, a Board does not have the authority to direct that a Service member's records be corrected to show that he has been appointed to a certain grade when he has not been appointed to that grade by the President, let alone confirmed by the Senate or even nominated by the President. Therefore, I find no basis in law or fact to support that the ABCMR's denial of your requested retroactive promotion to Colonel, among other related relief, was arbitrary, capricious, or contrary to law. It also follows based on the Board's findings and recommendations that the Board's decision not to recommend you for promotion to the Secretary of the Army for further action was not arbitrary, capricious, or contrary to law.

Fourth, I conclude there is insufficient evidence that the ABCMR disregarded any law or regulation, or violated your due process rights during the original 2010 review and 2012 reconsideration of your case, by denying you notice of, and opportunity to be heard. For example, you claimed the ABCMR failed to conduct an "evidentiary hearing" at which you would be allowed to personally appear with counsel and present evidence, examine and cross-examine witnesses, and take depositions. In accordance with title 10, U.S.C., section 1034(f)(2)(C), a Board may receive oral argument and if appropriate, decide to conduct an evidentiary hearing. Furthermore, paragraph 2-11 of Army Regulation 15-185, states that an applicant does not have a right to a hearing before the ABCMR, and that the decision to hold a hearing or request additional evidence and advisory opinions is within the Board's substantial discretion. Here, the Board stated on the record that it carefully considered your request for a hearing, but determined that your personal appearance was not necessary to serve the interest of equity and justice. Therefore, I conclude that the ABCMR did not abuse its substantial discretion in not offering you a hearing.

3

Fifth, I considered a Federal district court's decision in *Cowles v. McHugh* (No. 3:13-CV-1741 (JCH), 2014 U.S. LEXIS 138927), which you submitted, but did not find this case persuasive. I understand the Court sent the case back to the Army for further analysis, because the medical diagnostic procedures the Army relied upon were faulty, and as a result, the Board did not consider what relief might be appropriate for Applicant as a result. However, even after identifying these clear errors, the Court did not dictate a specific result or remedy, and left the final determination of appropriate relief to the ABCMR, noting the Board's "special discretion" to render any decision as to appropriate relief that is consistent with the evidentiary record, and controlling law. In your case, I do not find that there is substantial evidence that the ABCMR's findings and conclusions were inconsistent with the evidence, Army regulations, and controlling law.

Sixth, I do not find that the ABCMR's partial reliance on the doctrine of *laches* was arbitrary and capricious, or contrary to law. Here, the Board observed that its review of your case was not assisted by your delay in seeking relief on your reprisal and constructive discharge claims before the ABCMR for nearly a decade. I understand that you had personal reasons not to petition the BCMR for relief at that time, but I find it was appropriate for the ABCMR to comment on this unexcused delay, as one of the multiple factors supporting the rationale for its decision.

Seventh, I find the Board appropriately considered your request that a letter be placed in your Official Military Personnel File "setting forth [your] accurate performance of duty" during the period of the two withdrawn OERs, along the lines of a draft letter provided by your legal counsel. The Board found it was not necessary to go beyond the usual remedy called for by the applicable regulation in this case, and that the creation of a substantive rating 15 years after the fact would be no more fair, accurate, or unbiased in a record of your performance than the removed OERs. Accordingly, I conclude this matter was clearly within the ABCMR's substantial discretion.

Finally, I note that these issues were previously reviewed by the then-Chief of Staff, Mr. P.M. Tamburrino, in reaching his prior decision on your appeal. On January 28, 2012, Mr. Tamburrino notified you that that he did not find the ABCMR acted arbitrarily, capriciously, contrary to law, or that its determination was unsupported by substantial evidence. On February 27, 2013, Mr. Schmitz raised three issues in rebuttal. First, he pointed out a clerical error in his separate notification letter, which included the wrong name of the applicant (the original letter to you did not contain this error). Second, he claimed that the decision letter did not provide a "satisfactory" or sufficient explanation. Third, he challenged the authority of the Chief of Staff for the Office of the Under Secretary of Defense for Personnel and Readiness (OUSD(P&R)) to decide MWPA appeals on behalf of the Secretary of Defense.

On April 11, 2013, Mr. Tamburrino responded. He noted that all of the materials that you submitted to date with this appeal, as well as prior reviews of the ABCMR, were carefully examined before a decision was made. The administrative error, while regrettable, was corrected, and Mr. Schmitz received a copy of the original letter for his records. Furthermore, Mr. Tamburrino noted that the Chief of Staff for the OUSD(P&R) was designated, in writing, as the successor of the DUSD(PI) for the purposes of paragraph 5.2 of DoDD 7050.06, by the Acting USD(P&R), on December 14, 2012.

4

Consequently, Mr. Tamburrino was properly designated the authority to review applicant's appeal. Equally, as his successor, I now have this same decisional authority. While I believe the previous decision was clear on its face, I have sought to provide detailed reasons for my own findings and conclusions. Ultimately, I cannot reverse the Army's final decision, because I find that it shows a rational connection between the "facts found and the choice made."

In conclusion, I do not find that the Board acted arbitrarily, capriciously, contrary to law, or that its determination was unsupported by substantial evidence. Accordingly, I sustain the ABCMR's decision on behalf of the Secretary of the Army. This action, on behalf of the Secretary of Defense, is the final administrative decision of the Department of Defense.

Sincerely,

Virginia S. Penrod
Chief of Staff

cc:
Mr. Joseph E. Schmitz, Esquire
Inspector General of the Department of Defense
Army Board for Corrections of Military Records

5

# EXHIBIT C



**UNITED STATES COURT OF APPEALS**
**FOR DISTRICT OF COLUMBIA CIRCUIT**

MAY 3 1 2013

**RECEIVED**

## United States Court of Appeals
### for the
### DISTRICT OF COLUMBIA CIRCUIT

**UNITED STATES COURT OF APPEALS**
**FOR DISTRICT OF COLUMBIA CIRCUIT**

MAY 3 1 2013

**CLERK**

ORIGINAL

Robert W. Rodriguez,                    )
                                        )
                    Petitioner          )
                                        )
        v.                              )        Case No. _____
                                        )
Pasquale M. Tamburrino, Jr., Chief of Staff for )    13-1192
the Office of the Under Secretary of Defense )
for Personnel and Readiness, United States )
Department of Defense                   )
                                        )
                                        )
                    Respondent          )
                                        )

---

### PETITION FOR REVIEW

Robert W. Rodriguez hereby petitions for review pursuant to Rule 15 of the Federal Rules of Appellate Procedure, and respectfully requests that the Court set aside the April 11, 2013, Decision on behalf of the Secretary of Defense by Respondent Pasquale M. Tamburrino, Jr., Chief of Staff for the Office of the Under Secretary of Defense for Personnel and Readiness, United States Department of Defense, to deny Petitioner's administrative appeal from a decision of the Army Board for Correction of Military Records (ABCMR # AR20120000367) under Title 10, United States Code, Section 1034(g), of the Military Whistleblower Protection Act. A copy of Respondent's April 11, 2013, Decision, including its one-page attachment that is addressed to Petitioner and dated January 28, 2013, which attachment neither Petitioner nor Petitioner's counsel had ever seen before receiving Respondent's April 11, 2013, Decision, is attached as Exhibit A. A copy of Respondent's "original correspondence" referenced in Respondent's April 11, 2013, Decision and addressed to Respondent's counsel is attached as Exhibit B.

Date: May 31, 2013                Respectfully Submitted,

                                  _____
                                  Joseph E. Schmitz
                                  JOSEPH E. SCHMITZ, PLLC
                                  *Counsel for Petitioner Robert W. Rodriguez*
                                  5502 Parkston Road
                                  Bethesda, MD 20816
                                  jschmitz@jespllc.com
                                  703-992-3095

# EXHIBIT A

USCA Case #15-1096      Document #1547734      Filed: 04/02/2015      Page 13 of 18

USCA Case #13-    OFFICE OF THE UNDER SECRETARY OF DEFENSE      Page 3 of 7

**OFFICE OF THE UNDER SECRETARY OF DEFENSE**
4000 DEFENSE PENTAGON
WASHINGTON, D.C. 20301-4000

PERSONNEL AND
READINESS

The Honorable Joseph E. Schmitz                              APR 11 2013
5502 Parkston Road
Bethesda, MD 20816

Dear Mr. Schmitz:

    This responds to your correspondence dated February 27, 2013, on behalf of your client, Lieutenant Colonel Robert W. Rodriguez (Retired), concerning his recent appeal under Title 10, United States Code, Section 1034, of the Military Whistleblower Protection Act (MWPA).

    In response to your inquiry regarding the proper authority to review this appeal, please note that the Chief of Staff for the Under Secretary of Defense (Personnel and Readiness (P&R)), a member of the Senior Executive Service, was designated as the successor of the Deputy Under Secretary of Defense (Program Integration) for the purposes of Paragraph 5.2, of Department of Defense Directive 7050.06, "Military Whistleblower Protection," with decisional authority to review MWPA appeals, on behalf of the Secretary of Defense, by the Acting Under Secretary of Defense (P&R), on December 14, 2012.

    All of the materials you submitted in this appeal, on September 28, 2012, and October 22, 2012, respectively, as well as the prior reviews of the Army Board for Correction of Military Records (ABCMR), were carefully examined before a decision was made in your client's case. On January 28, 2012, I notified Lieutenant Colonel Rodriguez, based on my review of this evidentiary record, that I did not find the ABCMR acted arbitrarily, capriciously, or contrary to law, or that its determination was unsupported by substantial evidence. A similar courtesy letter was sent to your office which contained a clerical error. We regret the error, and I have attached a copy of the original letter to Lieutenant Colonel Rodriguez, for your records.

    As stated in the original correspondence, the decision made on behalf of the Secretary of Defense, is final. Accordingly, no further action will be taken regarding your client's appeal.

Sincerely,

P.M. Tamburrino, SES
Chief of Staff

Attachment:
As stated

cc:
Lieutenant Colonel Robert W. Rodriguez (Retired)
Department of Defense Inspector General
Army Board for Correction of Military Records



**OFFICE OF THE UNDER SECRETARY OF DEFENSE**
4000 DEFENSE PENTAGON
WASHINGTON, D.C. 20301-4000

PERSONNEL AND
READINESS

JAN 28 2013

Lieutenant Colonel Robert W. Rodriguez (Retired)
516 East 86th Street, Apt 6A
New York, NY 10024

Dear Colonel Rodriguez:

This responds to your attorney's correspondence dated September 28, 2012 and October 12, 2012, requesting review of the Army Board for Correction of Military Records (ABCMR) decision on behalf of the Secretary of the Army in your case under the provisions of Department of Defense Directive 7050.06, Military Whistleblower Protection Act (MWPA), paragraph 5.2.

I have considered all of the materials you submitted to me, the ABCMR, and the materials the ABCMR examined in reaching a decision in your case.

I do not find that the Board acted arbitrarily, capriciously, contrary to law, or that its determination was unsupported by substantial evidence. Accordingly, I sustain the Army's decision on behalf of the Secretary of the Army. This action, on behalf of the Secretary of Defense, is final.

Sincerely,

P.M. Tamburrino, SES
Chief of Staff

cc:
Mr. Joseph E. Schmitz, PLLC
Department of Defense Inspector General
Army Board of Corrections of Military Records

# EXHIBIT B

**OFFICE OF THE UNDER SECRETARY OF DEFENSE**
4000 DEFENSE PENTAGON
WASHINGTON, D.C. 20301-4000

PERSONNEL AND
READINESS

JAN 28 2013

The Honorable Joseph E. Schmitz
5502 Parkston Road
Bethesda, MD 20816

Dear Mr. Schmitz:

This responds to your correspondence on behalf of Lt Col Roger F. Reynolds dated September 28, 2012 and October 12, 2012, requesting review of the Army Board for Correction of Military Records (ABCMR) decision on behalf of the Secretary of the Army in your client's case under the provisions of Department of Defense Directive 7050.06, paragraph 5.2.

I have considered all of the materials you submitted to me, the ABCMR, and the materials the ABCMR examined in reaching a decision in your client's case.

I do not find that the Board acted arbitrarily, capriciously, contrary to law, or that its determination was unsupported by substantial evidence. Accordingly, I sustain the Army's decision on behalf of the Secretary of the Army. This action, on behalf of the Secretary of Defense, is final.

Sincerely,

P.M. Tamburrino, SES
Chief of Staff

cc:
Lieutenant Colonel Robert W. Rodriguez (Retired)
Department of Defense Inspector General
Army Board of Corrections of Military Records

## CERTIFICATE OF SERVICE

As Petitioner is not aware of any "party admitted to participate in the agency proceedings, except for the respondents" (Rule 15(c) of the Federal Rules of Appellate Procedure), in order to conform with the letter and spirit of the Federal Rules of Appellate Procedure a true and correct copy of the foregoing Petition for Review was placed in the United States mail, postage prepaid, on this date and addressed to:

        General Counsel of the Department of Defense
        1600 Defense
        The Pentagon
        Washington, D.C.  20301

Date:  May 31, 2013

        Joseph E. Schmitz
        JOSEPH E. SCHMITZ, PLLC
        Counsel for Petitioner
        5502 Parkston Road
        Bethesda, MD  20816
        jschmitz@jespllc.com
        703-992-3095

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April 2015, the undersigned served the foregoing Refiled Petition on Review via this Court's Electronic Case Filing System upon:

Alan Burch, Esq.
John Gowel, Esq.
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7204
Alan.Burch@usdoj.gov
John.Gowel@usdoj.gov

Date:  April 8, 2015

_/s/  Joseph E. Schmitz_____
Joseph E. Schmitz
SCHMITZ & SOCARRAS LLP
8200 Greensboro Drive; Suite 1500
McLean, Virginia  22102
703-639-9022 office
703-992-3095 cell
jschmitz@SandS-LLP.com

18

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 15-1096**                                   **September Term, 2016**

FILED ON: MAY 26, 2017

ROBERT W. RODRIGUEZ,
                PETITIONER

v.

VIRGINIA S. PENROD, CHIEF OF STAFF FOR THE OFFICE OF THE UNDER SECRETARY OF DEFENSE FOR PERSONNEL AND READINESS, UNITED STATES DEPARTMENT OF DEFENSE,
                RESPONDENT

_____

On Petition for Review of an
Order of the Department of Defense

_____

Before: SRINIVASAN, MILLETT, and PILLARD, *Circuit Judges*

### J U D G M E N T

       This cause came on to be heard on the petition for review of an order of the  Order of the Department of Defense and was argued by counsel.  On consideration thereof, it is

       **ORDERED** and **ADJUDGED** that this action be transferred to the United States District Court for the District of Columbia, in accordance with the opinion of the court filed herein this date.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/

Ken Meadows
Deputy Clerk

Date: May 26, 2017

Opinion for the court filed by Circuit Judge Millett.

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued November 14, 2016          Decided May 26, 2017

No. 15-1096

ROBERT W. RODRIGUEZ,
PETITIONER

v.

VIRGINIA S. PENROD, CHIEF OF STAFF FOR THE OFFICE OF THE
UNDER SECRETARY OF DEFENSE FOR PERSONNEL AND
READINESS, UNITED STATES DEPARTMENT OF DEFENSE,
RESPONDENT

———

On Petition for Review of an
Order of the Department of Defense

———

    *Joseph E. Schmitz* argued the cause for petitioner.  With
him on the briefs was *Paul D. Kamenar*.

    *Patrick G. Nemeroff* argued the cause for respondent.
With him on the brief were *Benjamin C. Mizer*, Principal
Deputy Assistant Attorney General at the time the brief was
filed, and *Marleigh D. Dover*, Attorney.  *Thomas G. Pulham*,
Attorney, entered an appearance.

2

Before: Srinivasan, Millett, and Pillard, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* Millett.

Millett, *Circuit Judge*:   Lieutenant Colonel Robert Rodriguez, a retired member of the Army National Guard, claims that the Army unlawfully relieved him of command in retaliation for whistleblowing, in violation of the Military Whistleblower Protection Act of 1988 ("Whistleblower Act"), 10 U.S.C. § 1034.  But first we must decide where Rodriguez's claim should be litigated—should he have started in district court or did he properly proceed directly to this appellate court?  The default rule is that jurisdiction starts with the district court, and that default rule applies here.  We accordingly order that this action be transferred to the United States District Court for the District of Columbia.

**I**

**A**

The Whistleblower Act prohibits "tak[ing] (or threaten[ing] to take) an unfavorable personnel action, or withhold[ing] (or threaten[ing] to withhold) a favorable personnel action, as a reprisal against a member of the armed forces" for making protected whistleblowing communications. 10 U.S.C. § 1034(b) (2015).  Any member of the armed forces who believes he was subjected to such reprisal may submit an allegation to an Inspector General within the Department of

3

Defense, including within the relevant branch of the armed services. *See id.* § 1034(c)(1), (j)(2)(A), (j)(2)(C).[1]

The Inspector General who receives the allegation shall then "determine * * * whether there is sufficient evidence to warrant an investigation" into the matter. 10 U.S.C. § 1034(c)(4)(A). If there is, the Inspector General must undertake that investigation and report the results to the Secretary of Defense and the Secretary of the relevant military department. *Id.* § 1034(c)(4)(D), (e)(1). If the Secretary of the relevant military department then finds a "sufficient basis to conclude" that a prohibited reprisal has occurred, *id.* § 1034(f)(1), the Secretary may order corrective action, *id.* § 1034(f)(2)–(3).

After the Inspector General reports the results of the investigation, the service member may seek additional relief from a board for the correction of military records, established pursuant to 10 U.S.C. § 1552. *See* 10 U.S.C. § 1034(g). The board reviews the report prepared by the Inspector General, *id.* § 1034(g)(2)(A), and subsequently forwards its proposed decision to the Secretary of the relevant military department, *see, e.g.*, 32 C.F.R. § 581.3(g)(2)(ii)(B). That Secretary must then issue a final decision on the matter and take appropriate corrective action. 10 U.S.C. § 1034(g)(4)–(5).

Once administrative review is completed, a service member who is still not satisfied with the disposition of his claim may submit the matter to the Secretary of Defense for further review. 10 U.S.C. § 1034(h). Under Section 1034(h),

---

[1] In some circumstances (not relevant here), claims may also be submitted to and processed by the Inspector General of the Department of Homeland Security. *See* 10 U.S.C. § 1034(c)(1), (j)(2)(B). Our discussion of the statutory scheme focuses on submissions within the Defense Department.

4

the Secretary of Defense "shall make a decision to reverse or uphold the decision of the Secretary of the military department concerned" within ninety days of receiving the member's request for review.  *Id.*

## B

Starting in 1995, Rodriguez served as a Lieutenant Colonel in the New York Army National Guard, commanding the 1st Battalion, 105th Infantry Regiment, 27th Infantry Brigade.  In July 1996, Rodriguez's Brigade Commander, with the concurrence of the Commanding General of the New York Army National Guard, Brigadier General Robert Rose, relieved Rodriguez of command.  The stated reasons for that decision were Rodriguez's alleged failure to prevent soldiers from going absent without leave ("AWOL") and other losses in his battalion, which showed up to training with more than ninety unaccounted-for members.

Rodriguez complained to the Adjutant General of the New York Army National Guard that he had been improperly relieved of command.   The National Guard thereafter determined that Rodriguez had failed to control his battalion's losses and AWOLs, and that Rodriguez should be reassigned.

After Rodriguez was reassigned, Brigadier General Rose issued Rodriguez a letter of reprimand for "fail[ing] to control the AWOLs" and for his "lack of attention to strength maintenance throughout [his] battalion." D.A. 217.  Rodriguez promptly requested that Brigadier General Rose withdraw the letter of reprimand and that the Adjutant General expunge any record of the reprimand from his personnel file.

In April 1997, the Adjutant General directed Brigadier General Rose to remove the letter of reprimand from

5

Rodriguez's personnel file, citing an agreement between the Adjutant General and Rodriguez that "no further adverse action would be taken against [him]" with respect to the matter of troop loss and AWOLs.  D.A. 280.

Around that same time, Rodriguez filed a whistleblower complaint with the Department of Defense, in which he alleged that Brigadier General Rose and others took actions against him in reprisal for making unspecified whistleblower communications.  Then, in November 1997, Rodriguez's position in the National Guard was either "eliminated by State headquarters," Pet. Br. 10, or "downgraded due to reorganization," Resp. Br. 7.  As a consequence, Rodriguez transferred to the Retired Reserve.

Rodriguez's whistleblower complaint was reviewed by the Department of the Army Inspector General.  After a couple rounds of review, the Inspector General ultimately concluded, in 1999, that all of Rodriguez's claims of reprisal lacked merit.

A decade later, in September 2009, Rodriguez filed an application for relief with the Army Board for Correction of Military Records, again raising his allegations of reprisal.  The Army Board rejected, in relevant part, his reprisal claims and requests for relief.  The Board also denied Rodriguez's request for reconsideration.

As authorized by Section 1034(h) of the Whistleblower Act, 10 U.S.C. § 1034(h), Rodriguez appealed the Board's decision to the Secretary of Defense.  The Secretary, however, delegated his authority to review Section 1034(h) appeals to the Chief of Staff for the Office of the Under Secretary of Defense for Personnel and Readiness, Pasquale Tamburrino.  In January 2013, Tamburrino affirmed the Board's decision.

6

Rodriguez filed a petition for review of Tamburrino's decision in this court, *Rodriguez v. Tamburrino*, *petition docketed*, No. 13-1192 (D.C. Cir. May 31, 2013). After the parties reached a settlement agreement, we granted Rodriguez's motion to dismiss his petition without prejudice. Under the settlement agreement, Virginia Penrod, the newly assigned Chief of Staff for the Office of the Under Secretary of Defense for Personnel and Readiness, agreed to "reconsider" Tamburrino's decision. D.A. 627.

On March 6, 2015, Penrod issued her decision on reconsideration, upholding the decision of the Army Board for Correction of Military Records and denying Rodriguez's requests for relief. Rodriguez again sought review directly in this court.

## II

We begin, as we must, "with the question of our jurisdiction." *Sierra Club v. FERC*, 827 F.3d 36, 43 (D.C. Cir. 2016) (quoting *Brotherhood of Locomotive Eng'rs & Trainmen v. Surface Transp. Bd.*, 457 F.3d 24, 27 (D.C. Cir. 2006)). Jurisdiction in the federal courts of appeals hinges on two things: "'[t]he Constitution must have given to the court the capacity to take [the case], *and an act of Congress must have supplied it*.'" *Micei Int'l v. Department of Commerce*, 613 F.3d 1147, 1151 (D.C. Cir. 2010) (quoting *Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252 (1868)). Rodriguez indisputably has been personally and directly aggrieved by the Defense Department's decision on his claim, so the question in this case is one of statutory, not constitutional, jurisdiction. That predicate statutory inquiry is essential to our power to decide this case: "without statutory authorization," "federal courts have no jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

7

Rodriguez's jurisdictional task is particularly difficult because federal courts of appeals generally are courts of review, not first view. *See Texas v. United States*, 798 F.3d 1108, 1115 (D.C. Cir. 2015). Yet Rodriguez seeks to bypass the district court and obtain review in the first instance in the court of appeals. That is permissible "only when authorized by a specific direct-review statute." *Loan Syndications & Trading Ass'n v. SEC*, 818 F.3d 716, 719 (D.C. Cir. 2016). Otherwise, "the 'normal default rule' is that 'persons seeking review of agency action go first to [a federal] district court.'" *National Auto. Dealers Ass'n v. Federal Trade Comm'n*, 670 F.3d 268, 270 (D.C. Cir. 2012) (quoting *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007)).[2]

Rodriguez seeks review of a decision by the Secretary of Defense under 10 U.S.C. § 1034(h). But nothing in Section 1034(h) or any other provision of the Whistleblower Act provides for direct review in the courts of appeals. To the contrary, as Rodriguez admits, the entire Whistleblower Act is "silent" on the question of judicial review. Pet. Reply Br. 2. In this jurisdictional context, silence has meaning: the default rule of district court jurisdiction applies. *See NetCoalition v. SEC*, 715 F.3d 342, 347 (D.C. Cir. 2013) ("[U]nless the Congress has * * * *expressly* supplied the courts of appeals with jurisdiction to review agency action directly, an [Administrative Procedure Act] challenge falls within the general federal question jurisdiction of the district court and must be brought there ab initio.") (emphasis added).

---

[2] *See also American Petroleum Inst. v. SEC*, 714 F.3d 1329, 1332 (D.C. Cir. 2013) ("Initial review [of agency action] occurs at the appellate level only when a direct-review statute specifically gives the court of appeals subject-matter jurisdiction to directly review agency action.") (quoting *Watts*, 482 F.3d at 505).

8

Reinforcing the point, the Whistleblower Act's provision for seeking relief from boards for correction of military records, 10 U.S.C. § 1034(g)(1), similarly says nothing about direct review in the federal courts of appeals, and district courts have routinely reviewed those board decisions in the first instance. *See, e.g.*, *Kidwell v. Department of Army, Bd. for Correction of Military Records*, 56 F.3d 279, 283–284 (D.C. Cir. 1995).

Rodriguez points to the Administrative Procedure Act ("APA"), which authorizes judicial review of agency action under specified circumstances. *See* 5 U.S.C. §§ 701–706. That is of no help to Rodriguez, for two reasons.

First, the APA creates a cause of action, not jurisdiction. *See Trudeau v. Federal Trade Comm'n*, 456 F.3d 178, 185 (D.C. Cir. 2006) ("[T]he APA does not confer jurisdiction," but "its judicial review provisions do provide * * * a limited cause of action for parties adversely affected by agency action.") (citation omitted).  In other words, the APA "says *how* to review agency actions"; "it says next-to-nothing about *where* that review should take place (*e.g.*, in particular district courts or courts of appeals)." *Loan Syndications*, 818 F.3d at 719.[3]

Second, unless Congress expressly says otherwise, APA review takes place first in the federal district courts, not the courts of appeals.  *Micei*, 613 F.3d at 1152 ("[I]n the absence of a provision authorizing review in the court of appeals, challenges to agency action to which the APA's judicial review provisions apply fall within the district court's federal question

---

[3] *See also Califano v. Sanders*, 430 U.S. 99, 105 (1977) ("[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions.").

9

jurisdiction[.]") (citing *Bell v. New Jersey*, 461 U.S. 773, 777 & n.3 (1983)).

Finally, Rodriguez asks this court to ground jurisdiction in our "equitable powers."  Pet. Br. 3 (quoting *Nader v. Volpe*, 466 F.2d 261, 269 (D.C. Cir. 1972)).  That we cannot do.  This court is a "creature[] of statute and possess[es] no jurisdiction except as afforded by congressional enactment."  *Owens v. Republic of Sudan*, 531 F.3d 884, 887 (D.C. Cir. 2008).

Accordingly, there is no legal basis for this court to exercise direct-review jurisdiction over Rodriguez's challenge to the Secretary of Defense's decision under Section 1034(h).

We need not dismiss the petition altogether, however.  Under 28 U.S.C. § 1631, we "shall, if it is in the interest of justice, transfer [the] action * * * to any other * * * court in which the action * * * could have been brought at the time it was filed or noticed[.]"  Given the resources and time already invested in this matter by both parties, we conclude that transfer is warranted.  *See generally Five Flags Pipe Line Co. v. Department of Transp.*, 854 F.2d 1438, 1442 (D.C. Cir. 1988); *Professional Managers' Ass'n v. United States*, 761 F.2d 740, 745 n.5 (D.C. Cir. 1985).  Accordingly, we order the action transferred to the United States District Court for the District of Columbia.

*So ordered.*

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 15-1096**                           **September Term, 2016**

**DOD-3/6/2015 Letter**

**Filed On:** July 20, 2017

Robert W. Rodriguez,

       Petitioner

   v.

Virginia S. Penrod, Chief of Staff for the Office
of the Under Secretary of Defense for
Personnel and Readiness, United States
Department of Defense,

       Respondent

     **BEFORE:**   Srinivasan, Millett, and Pillard, Circuit Judges

## O R D E R

   Upon consideration of petitioner's petition for panel rehearing filed on July 5, 2017, it is

   **ORDERED** that the petition be denied.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
      Ken R. Meadows
      Deputy Clerk

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 15-1096                                        September Term, 2016

**DOD-3/6/2015 Letter**

**Filed On: July 28, 2017** [1686344]

Robert W. Rodriguez,

       Petitioner

  v.

Virginia S. Penrod, Chief of Staff for the
Office of the Under Secretary of Defense
for Personnel and Readiness, United
States Department of Defense,

       Respondent

## <u>M A N D A T E</u>

In accordance with the judgment of May 26, 2017, and pursuant to Federal Rule of Appellate Procedure 41, this constitutes the formal mandate of this court.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
     Ken R. Meadows
     Deputy Clerk

Link to the judgment filed May 26, 2017